UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNELL HALL-PHILLIPS; BARBARA WEAR; PAMELA MASON,<br><br>              Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; HSBC BANK USA NATIONAL ASSOCIATION; MCCABE WEISBURG & CONWAY, PC; PHELAN, HALLINAN & SCHMIEG, LLP; WELLS FARGO HOME MORTGAGE LOAN,<br><br>              Defendants. | Civil Action No. 2:13-cv-03966-MAM |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BANK OF AMERICA, N.A.'S
<u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

                REED SMITH LLP
                Timothy P. Ofak (Pa. I.D. 203087)
                1650 Market Street
                2500 One Liberty Place
                Philadelphia, PA  19103-7301
                Phone: (215) 851-8229
                Fax: (215) 851-1420

                *Attorneys for Defendant*
                Bank of America, N.A.

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................. 1 | |
| II. | FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................. 2 | |
| III. | ARGUMENT ......................................................................................................... 3 | |
| | A. | Legal Standards ......................................................................................... 3 |
| | B. | This Court Lacks Subject Matter Jurisdiction Over The Complaint Pursuant to the *Rooker-Feldman* Doctrine. ................................................................. 4 |
| | C. | The Court Should Dismiss Plaintiffs' Complaint Against BANA Pursuant to Rule 12(b)(6) Because It Consists of Wholly Conclusory Allegations Which Are Insufficient to State A Claim ................................................................ 6 |
| | | 1. Plaintiffs' Fail to Plead a Civil RICO Claim Against BANA .................... 6 |
| IV. | PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THE COMPLAINT ........................................................................................................ 9 | |
| V. | CONCLUSION .................................................................................................... 10 | |

I.  **INTRODUCTION**

The impermissibly joined plaintiffs Synell Hall-Phillips ("Ms. Hall-Phillips"), Barbara Wear ("Ms. Wear") and Pamela Mason ("Ms. Mason" and collectively with Ms. Hall-Phillips and Ms. Wear "Plaintiffs") appear to be unrelated homeowners and former homeowners that have undergone (or are undergoing) foreclosure in Philadelphia County. It is presumed – although not entirely clear - that the Complaint is an attempt to collaterally attack the proceedings/judgments in three separate *in rem* mortgage foreclosure actions presently pending in state court (hereinafter collectively the "Foreclosure Docket Entries"). A copy of the three dockets in the Philadelphia Court of Common Pleas foreclosure actions are collectively attached hereto as Exhibit 1. The pending foreclosure actions do not involve the same transaction or occurrence nor is there any question of law or fact common to the Plaintiffs as each involves a different parcel of real property as well as a different mortgagee and mortgagor. *See* Fed. R. Civ. P. 20(a)(1)(A)-(B).

Nonetheless, Plaintiffs joined together to file this baseless suit that is nearly devoid of any facts whatsoever, and quote verbatim from on-line, self-help litigation documents concerning a "debt collection racket" in which, "[i]n a back room of the Chicago Board of Trade or simply from one of many Internet hosts, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction."[1] Compl. p. 2.

From what can be discerned from the Complaint, Plaintiffs appear to be alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") against BANA pursuant to 18 U.S.C. 1964(a) regarding the Foreclosure Action. However, Plaintiffs' claims fail as a matter of law because they are improperly pled, lump Defendants together without specifying the conduct engaged in by each individual defendant, are not supported by their factual allegations, and rely on flawed legal theories.

---

1   *See* self-help collection defense manual, "Beating Up on Debt Collectors," found online at: http://hayaryakanch.files.wordpress.com/2013/06/beating-up-on-debt-collectors-v4-0.pdf.

Because this Court lacks subject matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine, which prohibits a federal court from disturbing valid state court judgments, the Complaint should be dismissed. Notwithstanding this independently sufficient reason for dismissal, the Complaint also fails to meet the Plaintiffs' burden to allege facts with particularity which, if true, would make plausible the Plaintiffs' right to relief. Because the Plaintiffs have utterly failed to meet their burden, the Complaint should be dismissed with prejudice.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 8, 2005, Ms. Hall-Phillips obtained a $135,525 mortgage loan (the "Loan") on real property located at 5736 Hasbrook Avenue, Philadelphia, Pennsylvania 19120 (the "Property"). A copy of the mortgage signed by Ms. Hall-Phillips related to the Property is attached hereto as Exhibit 2. The Mortgage securing the Loan to the Property identifies Hall-Phillips as the borrower, Countrywide Bank, N.A. as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Mortgagee and as "nominee for Lender and Lender's successors and assigns." *See* Exhibit 2., at 1, 2. Defendant Bank of America, N.A. ("BANA") is the servicer of the mortgage encumbering the Property which is the subject of the foreclosure action entitled *Bank of America, N.A. v. Hall-Phillips*, No. 120303776 ("Foreclosure Action") in the Pennsylvania Court of Common Pleas for Philadelphia County. A copy of the foreclosure complaint in the Philadelphia Court of Common Pleas, No. 120303776 is attached hereto as Exhibit 3. BANA filed a motion for judgment on the pleadings in the Foreclosure Action. A copy of the BANA's Motion for Judgment on the Pleadings in the Philadelphia Court of Common Pleas, No. 120303776 is attached hereto as Exhibit 4. On January 16, 2013, the Court of Common Pleas for Philadelphia County entered an order granting BANA an *in rem* judgment in the foreclosure. A copy of the Order of Court granting BANA's motion for judgment on the pleadings in the Philadelphia Court of Common Pleas, No. 120303776 is attached hereto as Exhibit 5. No post-judgment motion or appeal has been filed by Ms. Hall-Phillips in the

Foreclosure Action. Plaintiffs offer no explanation whatsoever as to the connection between Ms. Mason and Ms. Wear with BANA.

On July 9, 2013, Plaintiffs initiated the present action. Plaintiffs purport to allege a single RICO claim based upon five alleged predicate acts – all essentially identical – yet fail to identify the particular RICO sections BANA violated or any specific facts relating to BANA giving rise to their claims. *See* Compl. generally. To the contrary, Plaintiffs allege only generally that the predicate actors, co-defendants Phelan Hallinan & Schmieg LLP ("PHS") and McCabe Weisbug & Conway ("MWC") "filed a fraudulent security instrument in the DISTRICT COURT of EASTERN PENNSYLVANIA County, PHILADELPHIA" and that "[PHS] and [MWS] fraudulently claimed that Pamela Mason, Barbara Wear, Synell Hall-Phillips was indebted to WELLS FARGO and BANK OF AMERICA" and avers that by doing so BANA is somehow "running a racket by taking money and property." Compl. pp. 4-6, 8.

## III. ARGUMENT

### A. Legal Standards

#### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must determine whether it has authority or competence to hear and decide the case. *Perazzo v. Reliance Std. Life Ins. Co.*, 2001 U.S. Dist. LEXIS 18733, *6 (E.D. Pa. Nov. 15, 2001). Specifically, "[w]hen a motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact." *Tate v. Owner Plymouth Tavern*, 2012 U.S. Dist. LEXIS 112664 (W.D. Pa. July 20, 2012); *see Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Thus, "[i]n deciding whether there is subject matter jurisdiction, affidavits and other matters outside the pleadings may be considered." *Perazzo*, 2001 U.S. Dist. LEXIS 18733, at *6. Moreover, as no presumptive

truthfulness attaches to plaintiff's allegations, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at *6-7.

### 2. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) should be granted unless a complaint contains sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on such a motion, courts must accept as true all of the complaint's factual allegations, but they need not credit its legal conclusions. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s]" devoid of "further factual enhancement" likewise are insufficient to meet a plaintiff's pleading burden. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotations omitted).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), the Third Circuit recognized that *Twombly* and *Iqbal* marked a change in the pleading thresholds a plaintiff must clear and that plaintiffs now are "requir[ed] ... to plead more than the possibility of relief to survive a motion to dismiss"—that is, plead enough facts so that her claims move "across the line from conceivable to plausible." *Id.* at 212 (citing *Twombly*, 550 U.S. at 570).

Here, as discussed below, Plaintiffs have not "nudged" their claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570). Accordingly, because no amendment will cure their claims' deficiencies, the Court should grant Defendants' Motion to Dismiss with prejudice.

### B. This Court Lacks Subject Matter Jurisdiction Over The Complaint Pursuant to the *Rooker–Feldman* Doctrine.

Pursuant to Rule 12(b)(1), the Court should dismiss the Complaint in its entirety as the Court lacks subject matter jurisdiction over Ms. Hall-Phillips's previously litigated state court claims. All of the claims in the Complaint are barred by the *Rooker–Feldman* doctrine. It is

well-settled in the Third Circuit that the *Rooker–Feldman* Doctrine bars the losing party from a previous state court action from seeking "appellate review of the state-court judgment," which is "a task entrusted by statute solely to the Supreme Court." *Great W. Mining & Mineral Co., Inc. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010). This doctrine "precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine applies when, as in this case, "the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Id.* (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)). Thus, the *Rooker-Feldman* doctrine operates to bar a claim in two instances: "(1) 'if the federal claim was actually litigated in state court prior to the filing of the federal action' or (2) 'if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.'" *Id.* (quoting *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)). "[A] federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Id.* (quoting *In re Knapper*, 407 F.3d at 581).

In this case, although cloaking their individual claims under the guise of a RICO claim, Plaintiffs actually seek to challenge the Foreclosure Action by: (a) contending that the Foreclosure Action was a sham because BANA lacked standing to sue in the Foreclosure Action and failed to provide standing in that action; and (b) requesting the Court award them damages "not less than three times the collective sums of the property and losses to businesses." Compl. pp. 3, 10. This is expressly precluded by the *Rooker-Feldman* doctrine. As Judge Frank recently noted, "[s]o long as the federal plaintiff effectively seeks to negate the force of the judgment, it is not possible for the federal court to exercise jurisdiction without exercising appellate review of

the validity of the state court judgment." *In re Sabertooth, LLC*, 443 B.R. 671, 685 (Bankr. E.D. Pa. 2011).

Ms. Hall-Phillips has not sought to challenge or re-open the default judgment in state court. Rather, she requests that this Court take action that would render that judgment ineffective in direct contravention of the requirements of *Rooker-Feldman*. The Third Circuit barred this exact maneuver in *In re Knapper*, 407 F.3d 573 (3d Cir. 2005), wherein the Court held that "Knapper's due process attack on the state court judgments asserts that the state lacked personal jurisdiction over her because of defective service of process. Knapper can only prevail if a federal court concludes that the state courts' default judgments were improperly obtained. Therefore, she cannot prevail on her federal claim without obtaining an order that would negate the state court[s'] judgment[s]. Accordingly, Knapper's federal claim is inextricably intertwined with the state adjudications and thus barred by *Rooker-Feldman*." Thus, this Court lacks subject matter jurisdiction over this action and it should be dismissed.

    C.    **The Court Should Dismiss Plaintiffs' Complaint Against BANA Pursuant to Rule 12(b)(6) Because It Consists of Wholly Conclusory Allegations Which Are Insufficient to State A Claim**

In addition to the Complaint being barred by the *Rooker-Feldman* doctrine, the Complaint also fails to state a claim against BANA even under the liberal pleading standards afforded to *pro se* litigants. To the extent it can be deciphered, it appears that the Complaint attempts to state a RICO claim against BANA. However, as set forth below, Plaintiffs' Complaint fails to comply with the Federal Rules of Civil Procedure and lacks sufficient allegations to support a RICO claim against BANA.

        1.    <u>**Plaintiffs' Fail to Plead a Civil RICO Claim Against BANA**</u>

Plaintiffs' claims appear to allege violations of civil RICO in light of their citation of sections 18 U.S.C. sections 1961, 1962, and 1964, and inclusion of a purported "RICO case statement." Nonetheless, Plaintiffs fail to allege all necessary facts to establish their standing to assert a RICO claim, the elements of a civil RICO action, or even the facts needed to support

such a claim with heightened specificity under Rule 9(b). *See Lum v. Bank of America*, 361 F. 3d 217, 223-24 (3d Cir. 2004).

The RICO statute provides, in part, that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). It is unlawful for anyone to conspire to violate § 1962(c). 18 U.S.C. § 1962(d); *see Lum*, 361 F. 3d 217, 223-24 (3d Cir. 2004).

"With respect to civil RICO claims involving allegations of fraud, the level of pleading specificity required in a complaint is clear." *Hill v. Carpenter*, 2011 U.S. Dist. LEXIS 156077 (M.D. Pa. Aug. 3, 2011), *adopted by* 2012 U.S. Dist. LEXIS 123510 (M.D. Pa., Aug. 20, 2012); *see also Clugston v. McGinnis*, 2011 LEXIS 66135, *23 (M.D. Pa. May 10, 2011). As the United States Court of Appeals for the Third Circuit has observed:

> In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts…

*Lum*, 361 F. 3d at 223 (citations omitted).

It is well-settled that RICO claims must be pled with particularity, in compliance with Fed. R. Civ. P. 9(b). *See 5 Wright & Miller* § 1297 at 162-169 n. 22 (listing cases). Under the well-settled law of this Circuit, a fraud claim is alleged with sufficient particularity when it states the "circumstances" of fraud in sufficient detail to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984). To satisfy the requirements of Federal Rule of Civil Procedure Rule 9(b) and properly allege fraud:

> [P]laintiffs must plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of

> immoral and fraudulent behavior. Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." . . . Plaintiffs must also allege who made a misrepresentation to whom and the general content of the misrepresentation.

*Silverstein v. Percudani*, 422 F. Supp. 2d 468, 471 (E.D. Pa. 2006), aff'd, 207 Fed. Appx. 238 (3d Cir. 2006) (citing *Lum*, 361 F.3d 217, 224 (3d Cir.), cert. denied, 543 U.S. 918 (2004)).

Here, Plaintiffs simply do not meet the pleading standards required under Rule 9 for civil RICO claims. Rather, similar to the Complaint dismissed by the district court in *Clugston*, Plaintiffs' Complaint, "levels serious allegations of racketeering activity against Defendants but makes these grave assertions – which amount to accusations [of] criminal misdeeds – in a wholly inadequate fashion." See *Clugston*, 2011 U.S. Dist. LEXIS 66135, at *23. In fact, the Complaint contains nothing more than mere conclusory statements, which as a matter of law do not suffice.

Additionally, the Plaintiffs impermissibly lump all of the Defendants together for the purposes of alleging their fraud claim under RICO. See *Sears v. Likens*, 912 F.2d 889, 892-93 (7th Cir. 1990) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally, is insufficient.") (quoting *Design Time, Inc. v. Synthetic Diamond Tech., Inc.*, 674 F. Supp 1564, 1569 (N.D. Ill. 1987)); *Indianapolis Life Ins. Co. v. Hentz*, No. 1:06-cv-2152, 2008 WL 4453223, at *11 (M.D. Pa. Sept. 30, 2008) ("Though it may be convenient to lump defendants together for ease of reference…, it is a luxury that the plaintiff should avoid when alleging acts of fraud…In a case involving multiple defendants, each defendant is entitled to be apprised of the roles they each played in the alleged scheme, and absent compelling reason, a plaintiff is not entitled to treat multiple corporate defendants as one entity.") *Silverstein*, 422 F. Supp. 2d 468, 473 (E.D. Pa. 2006) ("A complaint that 'lumps' together numerous defendants does not provide sufficient notice of which defendant allegedly made the misrepresentation."); *De Lage Landen Fin Servs. v. Cardservice, Int'l. Inc.*, Civ. A. No. 00-2355, 2001 WL 799870, at *3 (E.D. Pa. July 12, 2001) ("When multiple defendants are accused of fraud, the complaint must also separately allege each defendant's fraudulent

conduct…It is insufficient to attribute individual acts of fraud to all defendants generally.") (citations omitted).

As a result, the Complaint falls far short of the pleading requirements under Rule 8(a) as enunciated in *Twombly* and *Iqbal* as well as the heightened pleading requirements for fraud under Rule 9(b).[2] For example the Complaint is silent as to any specific factual allegation or misrepresentation made by BANA, when it was made, to whom it was made, and that Plaintiffs relied on any such misrepresentation. Instead, Plaintiffs, in conclusory fashion, allege generally that the defendants engaged in a "debt collection racket" which allegedly began "[i]n a back room of the Chicago Board of Trade or simply from one of many Internet hosts" and that "[PHS] and [MWC] filed a fraudulent security instrument in the DISTRICT COURT of EASTERN PENNSYLVANIA County, PHILADELPHIA." Compl. pp. 3-4. Significantly, nowhere do Plaintiffs allege what role BANA played in the alleged "debt collection racket" or that BANA filed a fraudulent security instrument. Indeed, Plaintiffs do not aver any facts demonstrating how the foregoing conclusory allegations give rise to a RICO claim or even which sub-section(s) of RICO form the basis of their claim.

Therefore, Plaintiffs' RICO claim against BANA must be dismissed.

## IV. PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THE COMPLAINT

As demonstrated above, Plaintiffs' claims not only fail as a matter of law, but they are also fatally flawed. Given these deficiencies, Plaintiffs should not be allowed to amend their Complaint, as any attempt to amend would be futile. While district courts generally allow amendment of pleadings following motions to dismiss, they need not do so where any

---

[2] Rule 8(a) requires that a complaint include "a short and plain statement of the claim showing that the plaintiff is entitled to relief," and must contain more than mere legal labels and conclusions. F.R.C.P. 8(a); *Twombly*, 550 U.S. at 556. While allegations in a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers," a complaint must nevertheless give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests. *Hughes v. Rowe*, 449 U.S. 5, 9 (U.S. 1980) (internal quotations and citations omitted); *see also Hudson v. McKeesport Police Chief*, 244 Fed. App. 519, 521 (3d Cir. Pa. 2007). Thus, while a pro se litigant's filings will be viewed under liberal construction standards, "[t]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

amendment would be inequitable or futile. *Gloeckl v. Giant Eagle, Inc.*, 2006 WL 1159339, *6 (W.D. Pa. April 28, 2006). Plaintiffs' claims are all based on flawed legal theories, and it is evident that no amendment could correct the deficiencies in the claims. Therefore, dismissal with prejudice is warranted.

## V. CONCLUSION

For all of the foregoing reasons, Defendant Bank of America, N.A. respectfully requests that the Court grant its motion in its entirety and dismiss the Complaint with prejudice.

Dated: August 7, 2013

**REED SMITH LLP**

By: /*Timothy P. Ofak*
    Timothy P. Ofak (Pa. I.D. 203087)
    1650 Market Street
    2500 One Liberty Place
    Philadelphia, PA  19103-7301
    Phone: (215) 851-8229
    Fax: (215) 851-1420

    *Attorneys for Defendant*
    Bank of America, N.A.