FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SYNELL HALL-PHILLIPS,
BARBARA WEAR,
PAMELA MASON
PLAINTIFFS'
V.

13-3966

BANK OF AMERICA, N.A., HSBC BANK
USA NATIONAL ASSOCIATION, MCCABE
WEISBURG & SCHMIEG LLP, WELLS FARGO
HOME MORTGAGE LOAN
DEFENDANTS'

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ET AL.

Civil Case No. 13966-

FILED

AUG 29 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## INTRODUCTION

*The decisions of the United States Supreme Court, whether right or wrong, are supreme: they are binding on all courts of this land,* Hoover v. Holston Valley Community Hospital, 545 F. Supp. 8, 13 (E. D. Tenn. 1981) (quoting Jordan V. Gilligan, 500 2 F.3d 701, 707(6th Cir. 1974)).

*The lower courts are bound by Supreme Court precedent,* Adams v. Department of Juvenile Justice of New York City, 143 F.3d, 61, 65(2nd Cir. 1998)

**United States Bankruptcy Court Eastern District of New York in re: Ferrel L. Agard (2011)**
MERS's theory that it can act as a 'common agent' for undisclosed principals is not supported by the

law," Grossman wrote in a Feb. 10 opinion. "MERS did not have authority, as 'nominee' or agent, to assign the mortgage absent a showing that it was given specific written directions by its principal."

**Kansas State Supreme Court, Landmark National Bank v. Boyd A. Kesler (2009)**

"The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. [Citation omitted.] Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. [Citation omitted.] The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. App. 2009).

**Arkansas Supreme Court 2009 Ark. LEXIS 121**

The cases cited by MERS only confirm that MERS could not obtain legal title under the deed of trust. MERS relies on Hannah v. Carrington, 18 Ark. 85 (1856); however, that case stands for the proposition that a deed of trust vests legal tide in the trustee. We are also cited to Shinn v. Kitchens, 208 Ark. 321, 326, 186 S.W.2d 168, 171 (1945), where this court stated that "[t]he trustee named in the deeds of trust was a necessary party at the institution of the foreclosure suit, as also, of course, was Kitchens, [*10] the holder of the indebtedness." East, as trustee, was a necessary party. MERS was not. Finally, we are cited to Beloate v. New England Securities Co., 165 Ark. 571, 575, 265 S.W. 83 (1924), where this court stated that the real owner of the debt, as well as the trustee in the mortgage, are necessary parties in the action to recover the debt and foreclose the mortgage. Again, this case supports the conclusion that East was a necessary party and MERS was not.

Further, under Arkansas foreclosure law, a deed of trust is defined as "a deed conveying real property in trust to secure the performance of an obligation of the grantor or any other person named in the deed to a beneficiary and conferring upon the trustee a power of sale for breach of an obligation of the grantor contained in the deed of trust." Ark. Code Ann. § 18-50-101(2) (Repl. 2003). Thus, under the statutes, and under the common law noted above, a deed of trust grants to the trustee the powers MERS purports to hold. Those powers were held by East as trustee. Those powers were not conveyed to MERS.

MERS holds no authority to act as an agent and holds no property interest in the mortgaged land. It is not a necessary party. In [*11] this dispute over foreclosure on the subject real property under the mortgage and the deed of trust, complete relief may be granted whether or not MERS is a party. MERS has no interest to protect. It simply was not a necessary party. See Ark. R. Civ. P. 19(a). MERS's role in this transaction casts no light on the contractual issues on appeal in this case. See, e.g., Wilmans v. Sears, Roebuck &amp; Co., 355 Ark. 668, 144 S.W.3d 245 (2004).

### In Re: Walker, Case No. 10-21656-E-11

"Since no evidence of MERS' ownership of the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank. Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law."

### 16 CFR 433.2

**Title 16: Commercial Practices**

**§ 433.2  Preservation of consumers' claims and defenses, unfair or deceptive acts or practices.**

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of section 5 of that Act for a seller, directly or indirectly, to:

(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

or,

(b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:

1. Without Knowledge- Plaintiffs' was never given a loan by the alleged Defendants'.

2. Admitted in Part, denied in part. It is admitted that Defendants' is listed as a Plaintiffs' It is denied that Defendants' real party In Interest is an artificial corporate entity.

3. Contain conclusions of Law to which no response Is necessary, Therefore Denied.

4. Denied- There is No Bona Fide proof of MERS delegated authority issued from a competent fact witness or authorized personnel from Defendants' on the record of this court.

5. Denied and Demand Strict Proof- Never had a mortgage with the alleged Defendants?

6. Denied and Demand Strict Proof- Never had a mortgage with the alleged Defendants?

7. Without Knowledge therefore Denied- Never had a mortgage with the alleged Defendants?

8. Denied and Demand Strict Proof- Alleged Defendants' never sent Plaintiffs' any notices, the allege notice doesn't even contain any signatures, who sent the NOTICE?

WHEREFORE Plaintiff's prays with all due respect to this Court that it allows all named Defendants to date to remain as a party to this Complaint as the Plaintiff's believes all are complicit in their claim of reckless mishandling of original loan. Pleadings in this case are being filed by Plaintiff's In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Plaintiff's pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Set 594,Haines v. Kerner 404 U.S., 519-521 also see Power 914 F2d 1459(11 th Cir 1990),Richardson v. Flemming,651 F 2d at 368(quoting Estelle v.Gamble,429 U.S.97,97 S. Ct. 285, 50 L.Ed.2d.251,(1976); also see Hulsey v. Ownes 63 F3d 354(5th Cir 1995), also see Hall v. Bellmon 935 F2d 1106(10th Cir 1991).

Respectfully Submitted,

*Barbara Wear*

*Pamela Mason*

*Lynell H Phillips*

SYNELL HALL-
PHILLIPS, BARBARA
WEAR, PAMELA
MASON
PLAINTIFFS'
    V.

BANK OF AMERICA, N.A., HSBC BANK                         Civil Case No. 13966-
USA NATIONAL ASSOCIATION, MCCABE
WEISBURG & SCHMIEG LLP, WELLS FARGO
HOME MORTGAGE LOAN
DEFENDANTS'

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ET AL.

NOTICE

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Public Law 104-208, 110 Stat. 3009 - Furnishing certain deceptive forms**

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.
(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.

**Public Law 91 Stat. 875**

The term 'creditor means any person who offers or extends credit creating a debt or to whom a debt is owed, but such terms does not include any person to the extent that he receives an assignment or transfer

1

**UNIFORM BONDING CODE 5.4 - BONDING OF JUDGES**

A judge shall lose his bonding, shall not be bonded, and <u>shall</u> be <u>deemed unbondable:</u>

If he fails to protect the U.S, national constitutionally guaranteed remedies of due process and the equal protection of the laws of any citizen appearing in <u>his court</u> of law, or of any citizen appearing in his <u>court</u> of the county in which he works whose case may come to his attention by any <u>means.</u>

**UNIFORM BONDING CODE 5.5 - BONDING OF ATTORNEYS**

A lawyer or an attorney shall lose his bonding, shall not be bonded, and <u>shall</u> be <u>deemed unbondable:</u>

If he falls to protect the U.S, national constitutionally guaranteed remedies of due process and the equal protection of either his client or of the adverse party in an action In an adversary system of law each lawyer or attorney shall protect the representation of fact for their own party, but shall protect the legal process for both parties without exception. (Title 42 USC § 1986).

Any attempt by Defendants', or MERS, to transfer the promissory note to the Trust at this late date would fail for numerous reasons, not the least of which is that the Trust passed (See REMIC IRS publication 938) through the last 8 years.

**PUBLIC LAW VOLUME 74 STAT. 546**

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That subsection {1} of section 3 of the Federal Deposit Insurance Act, as amended (12 U.S.C. 1813 (1)), is amended to read as follows:

(1) The term 'deposit' means-

"(1) the unpaid balance of money or its equivalent received or held by a bank in the usual course of business and for which It has given or is obligated to give credit, either conditionally or unconditionally, to a commercial, checking, savings, time, or thrift account, or which is evidenced by its certificate of deposit, or a check or draft drawn against a deposit account and certified by the bank, or a letter of credit or a traveler's check on which the bank is primarily liable: Provided, That, without limiting the generality of the term 'money or its equivalent', any such account or instrument must be regarded as evidencing the receipt of the equivalent of money when credited or Issued in exchange for checks or drafts or for a promissory note upon which the person obtaining any such credit or instrument Is primarily or secondarily liable, or for a charge against a deposit account, or In settlement of checks, drafts, or other instruments forwarded to such bank for collection,

**ACCOUNTING FOR PREPARATION AGAINST THIS FRIVOLUS LAWSUIT**

100 HOURS PREPARATION OF DEFENSE X $100 PER HOUR = $10,000.00

2

PUNITIVE DAMAGES ~ WHATEVER THE COURT DEEMS REASONABLE AND JUST

STAUTORY DAMAGES = WHATEVER THE COURT DEEMS REASONABLE AND JUST

WHEREFORE Plaintiffs' moves this great court to grant them relief, together with such other relief and further relief the Court deems reasonable and just under the circumstances.

*Synell H Phillips*
*Barbara Wear*
*Pamela Mason*

3

## CERTIFICATE OF SERVICE

I , SYNELL HALL-PHILLIPS, BARBARA WEAR, PAMELA MASON ,pro se

Plaintiffs , certify that copies of the foregoing have been served upon the following

Via first-class U.S. mail

*[signatures: Barbara Wear, Synell Hall Phillips, Pamela Mason]*

**SYNELL HALL-PHILLIPS,BARBARA WEAR,PAMELA MASON**
7546  East Walnut Ln
Philadelphia PA 19138


**PHELAN HALLINAN & SCHMEIG**
1617  J.FK. Blvd Suite 1400
Philadelphia  Pa 19103

**MCCABE, WEISBERG & CONWAY,PC**
123 S. Broad Street Suite 1400
Phila Pa 19109

**REED SMITH LLP**
Timothy P .Ofak
2500 One Liberty Place
1650 Market Street
Philadelphia Pa.19103

**STEVENS & LEE P.C**
620 Freedom Business Center Suite 200
King of Prussia, Pa 19406