IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA MASON, et al.          :          CIVIL ACTION
                              :
          v.                  :
                              :
BANK OF AMERICA, N.A., et al.  :          NO. 13-3966

MEMORANDUM

McLaughlin, J.                          October 9, 2013

        This action arises from foreclosure proceedings in the
Court of Common Pleas for Philadelphia County against plaintiffs
Pamela Mason, Barbara Wear, and Synell Hall-Phillips.  The
plaintiffs, in a pro se complaint, bring claims under the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18
U.S.C. § 1961 et seq. and for fraud.  Defendants[1] McCabe,
Weisberg & Conway ("McCabe"), Wells Fargo Home Mortgage, an
unincorporated division of Wells Fargo Bank, N.A. ("Wells
Fargo"), HSBC Bank USA National Association, as Trustee for
Master Performing Loan Trust 2005-1 ("HSBC"), and Bank of

---

[1] There are five defendants named in this action:  McCabe,
Weisburg & Conway PC, Wells Fargo Home Mortgage Loan, HSBC Bank
USA National Association, as Trustee, Bank of America, N.A., and
Phelan, Hallinan & Schmieg LLP ("Phelan").  Phelan has not yet
been served and has not entered an appearance.  Pamela Mason
filed a proof of service form on July 12, 2013 (Docket No. 2)
that service was made on Phelan via certified mail.  That
document does not attach a receipt signed by Phelan, but only
includes the form completed by Ms. Mason.

America, N.A. ("Bank of America") each move to dismiss the plaintiffs' complaint pursuant to various combinations of Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Some of the defendants also move, in the alternative, under Federal Rule of Civil Procedure 12(e) for a more definite statement.[2]  The plaintiffs then filed a motion for relief, which the Court will consider as a response to the reply brief filed in support of HSBC's motion to dismiss.  The Court finds that the Rooker-Feldman doctrine bars its subject matter jurisdiction over the claims of Ms. Wear and Ms. Hall-Phillips.  On Ms. Mason's claims, and even assuming that Rooker-Feldman does not bar this Court's jurisdiction over the other claims, the Court finds that the complaint fails to state a claim under Rule 12(b)(6).[3]  The Court will grant the motions to dismiss with prejudice as to all defendants and deny plaintiffs' motion for relief.

---

[2] Because the Court dismisses this case with prejudice, it does not consider the defendants' request for a more definite statement under Federal Rule of Civil Procedure 12(e).

[3] Because the Court holds that its jurisdiction over some of the claims is barred by Rooker-Feldman, and that this complaint fails to state a claim, it does not take any position on the defendants' other arguments related to personal jurisdiction or Younger abstention.  The Court does deny plaintiffs' petition to stay execution of the sheriff's sale.

I.   <u>Background</u>[4]

Plaintiffs state that the defendants are part of a debt collection fraud racket.  Compl. pp. 2-3.  This collection scam occurs where "[i]n a back room of the Chicago Board of Trade or simply from one of many Internet hosts, worthless bundles of commercial paper in the form of copies of charged off debt are sold at action."  <u>Id.</u> at 3.  Phelan and McCabe then "break apart the bundles and resell the worthless commercial paper in clusters based on who the original mortgagee is and what the geographic location of the origin of the individual copies."  <u>Id.</u>  Then Wells Fargo, also known as HSBC,[5] and Bank of America mark up the worthless commercial paper and resell it to Phelan and McCabe, who then defraud and extort money and property from the plaintiffs.  <u>Id.</u>  Phelan and McCabe subjected plaintiffs to legal proceedings where standing was never proved, authority to make consumer loans was not proved, and damages were never proved.  <u>Id.</u>

Plaintiffs allege five predicate acts that they state are in violation of the RICO statute, 18 U.S.C. § 1961 and § 1962.  These five predicate acts are essentially identical.

---

[4] The Court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).

[5] Plaintiffs state no basis for their assertion that Wells Fargo is also known as HSBC.

Plaintiffs claim only generally that Phelan and McCabe filed a fraudulent security instrument in the "DISTRICT COURT of EASTERN PENNSYLVANIA County, PHILADELPHIA." Compl. pp. 4-6. Phelan and McCabe also allegedly claimed that plaintiffs were indebted to Wells Fargo and Bank of America for more than $75,000, which Phelan and McCabe "knew was false, with the intention that [the plaintiffs] . . . rely on the fraud to [the plaintiffs'] . . . detriment." Id. The alleged fraud and extortion is claimed to have "occurred on December of 1993, October 2002, and July 2001."[6] Id. These allegations continue in plaintiffs' "RICO case statement," whereby Wells Fargo, also known as HSBC, and Bank of America are "running a racket by taking money and property from parties situated similarly to [plaintiffs] . . . to satisfy . . . nonexistent 'debts.'" Id. at 8.

Plaintiffs seek the dissolution of Wells Fargo, also known as HSBC, Bank of America, Phelan, and McCabe. Plaintiffs also seek compensation for "all parties in a sum not less than three times the collective sums of property and losses to business of all who are similarly situated." Compl. p. 10.

---

[6] It is unclear how these dates relate to the Court of Common Pleas foreclosure proceedings, which were filed in 2012 and 2013.

II.    <u>Procedural History</u>[7]

Ms. Mason, Ms. Wear, and Ms. Hall-Phillips have been subject to three separate in rem foreclosure actions in the Court of Common Pleas for Philadelphia County.  <u>See</u> <u>Bank of America, N.A. v. Hall-Phillips</u>, Mar. Term 2012, No. 03776 (C.C.P. Phila. Cnty. filed Mar. 29, 2012); <u>HSBC Bank USA, National Association as Trustee for Master Performing Loan Trust 2005-1 v. Wear</u>, Feb. Term 2013, No. 02176 (C.C.P. Phila. Cnty. filed Feb. 21, 2013); <u>Wells Fargo Bank, N.A. v. Mason</u>, Feb Term. 2013, No. 02832 (C.C.P. Phila. Cnty. filed Feb. 26, 2013).

The McCabe firm filed the foreclosure action against Ms. Hall-Phillips on behalf of its client, Bank of America.  In the action against Ms. Hall-Phillips, on January 23, 2013, Judge Fox granted Bank of America's motion for judgment on the pleadings and entered an order granting Bank of America an in rem judgment in foreclosure.  In the action against Ms. Wear, an in rem default judgment was entered against her on June 29, 2013, for failure to file her answer within the requested time. Finally, the foreclosure action against Ms. Mason remains pending.  As of June 12, 2013, Wells Fargo's motion for alternative service was granted, and other motions are pending.

---

[7] The facts in this section of the Memorandum are derived from the Court of Common Pleas dockets involving each respective plaintiff, which are public records.

III. <u>Legal Standard</u>

    A. Motion to Dismiss for Lack of Subject Matter
       <u>Jurisdiction Under Rule 12(b)(1)</u>

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case.  Rule 12(b)(1) motions are either facial or factual challenges.  <u>CNA v. United States</u>, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff.  <u>Id.</u>  (citing <u>United States ex rel. Atkinson v. Pa. Shipbuilding Co.</u>, 473 F.3d 506, 514 (3d Cir. 2007)).  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000).

By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case."  <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, the court is not confined to the allegations of the complaint.  <u>Cestonaro v. United States</u>, 211 F.3d 749, 752 (3d Cir. 2000).  No presumption

of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891.  The plaintiff bears the burden of persuasion regardless of whether the challenge is facial or factual.  Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp. 2d 365, 367 (E.D. Pa. 2001).


B. Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45 (1957) (abrogated in other respects by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Although Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and Conley, 355 U.S. at 47).  Similarly, naked assertions devoid of further factual enhancement will not suffice.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 557).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210–211. Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679).

This two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "conceivable to plausible." Iqbal, 556 U.S. at 679-680. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

The Third Circuit has summarized the post-Twombly standard as follows: "'[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556) (citations omitted).

IV.   Discussion

A. Subject Matter Jurisdiction

Defendants move to dismiss the complaint pursuant to Rule 12(b)(1) on the ground that the Rooker-Feldman doctrine deprives this Court of jurisdiction over plaintiffs' claims.

This inquiry addresses the existence of subject matter jurisdiction in fact and is not a facial challenge based on the facts alleged in the complaint.  Therefore, the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction.  See, e.g., Adams v. Costello, No. 96-4377, 1998 WL 242600, at *2 (E.D. Pa. May 13, 1998) (holding that where defendant filed a Rule 12(b)(1) motion challenging subject matter jurisdiction under Rooker-Feldman, trial court may weigh evidence and satisfy itself as to exercise of power to adjudicate case (citing Mortensen, 549 F.2d at 891)); Wishnefsky v. Addy, 969 F. Supp. 953, 955-56 (E.D. Pa. 1997) (concluding that defendant had raised factual challenge to subject matter jurisdiction where defendant claimed that Rooker-Feldman barred federal lawsuit).  Specifically, the Court will consider the public record of plaintiffs' Court of Common Pleas litigation to determine whether plaintiffs' federal claims were actually litigated in state court or are inextricably intertwined with the state court adjudication.

        "The Rooker-Feldman doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court."  In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (internal quotation marks omitted).  The Rooker-Feldman doctrine is limited to "cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

There are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

A claim is barred by Rooker-Feldman under two circumstances: (1) "if the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. (quoting In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005)).

A federal claim is inextricably intertwined with a prior state court judgment when

> (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court

11

> must take an action that would negate the state
> court's judgment. . . . In other words, Rooker-Feldman
> does not allow a plaintiff to seek relief that, if
> granted, would prevent a state court from enforcing
> its orders.

Knapper, 407 F.3d at 581 (quoting Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004)).

Yet, Rooker-Feldman "is not implicated 'simply because a claimant attempts to litigate in federal court a matter previously litigated in state court.'" Great W. Mining, 615 F.3d at 166 (quoting Exxon Mobil Corp., 544 U.S. at 293)). Where a "federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" Id. (quoting Exxon Mobil Corp., 544 U.S. at 293).

In some situations, plaintiffs involved in state court foreclosure proceedings could allege fraud claims that would not be barred by the Rooker-Feldman doctrine. For example, a state court's judgment of foreclosure would not necessarily be rejected if defendants were found liable for fraud that occurred pre-foreclosure or in securing foreclosure. See Gray v. Martinez, 465 F. App'x 86, 89 & n.4 (3d Cir. 2012); Easley v. New Century Mortg. Corp., 394 F. App'x 946, 948 (3d Cir. 2010);

cf. Jackson v. Rohm & Haas Co., No. 03-5299, 2005 WL 1592910, at
*4 (E.D. Pa. June 30, 2005).

There is some difference of opinion on when such fraud
allegations are or are not barred by Rooker-Feldman.  For
example, allegations of fraud may also serve to mask a request
for relief overturning the state court foreclosure judgment.
Such a claim would, in fact, be barred by Rooker-Feldman.  See
Gage v. Wells Fargo Bank, NA AS, No. 12-1745, 2013 WL 1240838
(3d Cir. Mar. 28, 2013); see also Figueroa v. MERSCORP, Inc.,
477 F. App'x 558, 560-61 (11th Cir. 2012); Stoss v. Singer Fin.
Corp., No. 08-5968, 2010 WL 678115, at *4 (E.D. Pa. Feb. 24,
2010).

This Court finds that the claims made by Ms. Wear and
Ms. Hall-Phillips under RICO, even if characterized as general
fraud claims, are barred by the Rooker-Feldman doctrine.[8]  Here,
plaintiffs' allegations relate to a debt collection scam that
subjected plaintiffs to a sham lawsuit, presumably the
foreclosure actions in state court.  The plaintiffs' alleged
predicate acts under RICO involve fraudulent conduct by the
defendants related to the foreclosure actions.  Although
plaintiffs package their claims in the language of fraud and

_____

[8] Because there is no judgment in the case pending against Ms.
Mason in the Court of Common Pleas, the Rooker-Feldman doctrine
could not apply to bar the claims related to her suit.

RICO, the plaintiffs are fundamentally seeking to overturn the foreclosure judgments against them.

First, in the "Remedy sought and prayer for relief" section of their complaint, plaintiffs request "a sum not less than three times the collective sums of property and losses to businesses," which references plaintiffs' property loss, presumably due to the foreclosure. Compl. p. 10. Most compellingly, attached to plaintiffs' opposition is a Petition to Stay Execution of the Sheriff's Sale of Real Property or, in the Alternative, to Postpone Sheriff's Sale (Docket No. 13). A request to stay any sheriff's sale resulting from the Court of Common Pleas foreclosure actions is evidence persuasive to this Court that plaintiffs are seeking to overturn the state court foreclosure judgments. The Court concludes that its jurisdiction over such claims is barred under Rooker-Feldman.


    B. Failure to State a Claim

Fraud claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud

allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Where mail or wire fraud is the predicate act in a RICO claim, those acts are subject to heightened requirements of Federal Rule of Civil Procedure 9(b). Warden v. McLelland, 288 F.3d 105, 114 (3d Cir. 2002).

Here, plaintiffs allege predicate acts under RICO that involve fraudulent actions by defendants, and those allegations are therefore governed by the heightened pleading standard of Rule 9(b). To the extent that plaintiffs' allegations are of fraud more generally, those allegations are also governed by Rule 9(b).

When considering Ms. Mason's allegations, and even assuming the Rooker-Feldman doctrine does not bar jurisdiction over the allegations of the other plaintiffs, the Court finds that the complaint fails to state a claim. Plaintiffs' allegations cannot meet the pleading requirements of Rule 8(a), much less the heightened standard of Rule 9(b), because plaintiffs' allegations are conclusory statements of legal catchphrases, and the core factual allegations of the complaint have been taken wholesale from an Internet self-help manual.

Plaintiffs base their complaint on a publication by Richard Luke Cornforth, entitled Beating Up On Debt Collectors (Version 4.0). This document is available for purchase, and it is available in various formats for free online. The paragraphs

15

of the complaint referencing the scam taking place "[i]n a back
room of the Chicago Board of Trade," are taken directly from
that document, as is the language in the five predicate acts
paragraphs of the complaint.  Cornforth, supra, at 28-29.  The
Internet document even includes the predicate act language five
separate times in "First Predicate Act" through "Fifth Predicate
Act," just as the complaint does here.  Id. at 186-87.  Finally,
plaintiffs' "RICO case statement" and even their "Remedy sought
and prayer for relief section" regurgitates the allegations and
statements in Mr. Cornforth's document.  Id. at 188-91.

        Plaintiffs have filed this complaint pro se.  While a
litigant's pro se status requires a court to construe the
allegations in the complaint liberally, see Erickson v. Pardus,
551 U.S. 89, 94 (2007), "a litigant is not absolved from
complying with Twombly and the federal pleading requirements
merely because [he or she] proceeds pro se."  Thakar v. Tan, 372
F. App'x 325, 328 (3d Cir. 2010).

        Given that these facts are taken from an Internet
source almost verbatim, with the relevant parties here
interchanged for the original parties included in the document,
it is not certain that these facts even apply to the foreclosure
actions in which plaintiffs participated.  Furthermore, the
allegations in the complaint, despite whether they are
plagiarized, are conclusory and do not state enough factual

material to suggest any of the elements of plaintiffs' fraud or RICO claims are facially plausible.  Such allegations cannot state a plausible claim for relief.  Thus, plaintiffs do not state a general fraud claim, and plaintiffs do not demonstrate to the Court how those facts can give rise to a RICO claim, and those claims must be dismissed pursuant to Rule 12(b)(6).

C. Petition to Stay Execution of Sheriff's Sale

Although not presented to the Court as a separately filed motion, the Court will address Plaintiffs' Petition to Stay Execution of the Sheriff's Sale of Real Property or, in the Alternative, to Postpone Sheriff's Sale, included in their opposition to defendants' motions to dismiss (Docket No. 13).  That petition requests that this Court stay execution of the sheriff's sale pending a final adjudication of a petition filed by plaintiffs in a state court.  The Court will deny this petition for lack of subject matter jurisdiction.

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The three exceptions stated in the Anti-Injunction Act are to be construed narrowly.  In re Diet Drugs, 282 F.3d 220, 233 (3d Cir. 2002).

17

The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." In re Prudential Ins. Co. of Am. Sales Practices Litig., 314 F.3d 99, 103 (3d Cir. 2002) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)).

        Any sheriff's sale that is scheduled to take place in accordance with a mortgage foreclosure judgment related to any of plaintiffs' properties qualifies as a judicial proceeding under the Anti-Injunction Act since the "sheriff is part of the Commonwealth of Pennsylvania's unified judicial system." Clark v. U.S. Bank Nat. Ass'n, No. 03-5452, 2004 WL 1380166 (E.D. Pa. June 18, 2004) (quoting Clark v. Court of Common Pleas of the Cnty. of Chester, No. 91-6246, 1991 WL 209781, at *2 (E.D. Pa. Oct. 11, 1991)).  The sheriff will sell the property to satisfy the state court judgments against plaintiffs, which represents the final chapter of the mortgage foreclosure judicial proceedings against plaintiffs. Clark, 1991 WL 209781, at *2.

        Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti-Injunction Act.  See, e.g., Clark, 2004 WL 1380166, at *3; Valle v. Etemad, No. 04-969, 2005 WL 579813, at *1 (E.D. Pa. March 11, 2005); Smith v. Litton Loan Servicing, LP, No. 04-2846, 2005 WL 289927,

at *8 (E.D. Pa. Feb. 4, 2005).  This Court agrees.  Therefore, the Court will deny plaintiffs' motion to stay or postpone the sheriff's sale for lack of subject matter jurisdiction.

An appropriate Order shall issue.